IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURT THOMAS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-CV-291 |
| | : | |
| **DR. FELIPE ARIAS, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                          **October 5, 2007**

Plaintiff Curt Thomas ("Plaintiff") brings this pro se action for violations of 42 U.S.C. § 1983 against Defendants Doctor Felipe Arias, Deputy Superintendent John Murray, Grievance Coordinator Wendy Moyer, Doctor Robert Maxa, and Physician's Assistant ("P.A.") Rhonda Sherbine (collectively, "Defendants").[1]  Now before the Court is the uncontested Motion for Summary Judgment of Defendant Murray (the "Motion").  For the reasons that follow, Defendant Murray's Motion will be granted.

**I. BACKGROUND**

On January 23, 2007, the Court granted in part and denied in part Defendants' motions to dismiss, allowing Plaintiff to proceed on two claims against Defendant Murray and on one claim against Defendant Arias.  Since the instant Motion seeks summary judgment only with respect to the claims remaining against Defendant Murray, the Court will limit its recitation of the facts to those necessary to resolve those two claims.

Plaintiff, an inmate in the Pennsylvania prison system, was transferred from the State Correctional Institution at Forest to the State Correctional Institution at Graterford ("SCI Graterford") on October 11, 2005.  Compl. at ¶ 6.  According to Pennsylvania Department of Corrections

---

[1]  The Court dismissed all claims against Defendants Moyer, Maxa, and Sherbine in a Memorandum and Order dated January 23, 2007.

records, he remained in the general prison population at SCI Graterford until November 8, 2005, when he was transferred to a cell in the restricted housing unit ("RHU").  See Declaration of John K. Murray at ¶ 2, attached to Motion at Appendix II.  From November 22, 2005 through November 30, 2005, the electric light in Plaintiff's RHU cell was out.  Compl. at 9; Declaration of George Hiltner ("Hiltner Decl.") at ¶ 5, attached to Motion at Appendix II.[2]

On November 23, 2005, Plaintiff filed a grievance complaining about the lack of light in his cell.  See Declaration of Wendy Moyer ("Moyer Decl.") at Exh. B, attached to Motion at Appendix II.  In the grievance, he alleges that he is "unable to get any of [his] legal work done without light" and that he is "straining [his] eyes."  Id.  Defendant Murray, the Deputy Superintendent for Facilities Management at SCI Graterford, is not named in the grievance.  Id.  SCI Graterford's Grievance Coordinator Wendy Moyer ("Moyer") received Plaintiff's grievance on November 28, 2005, and forwarded it to the Facility Maintenance Supervisor George Hiltner ("Hiltner").  See Moyer Decl. at ¶¶ 5, 6, Exh. B.  According to the maintenance work orders kept in Hiltner's files, one of the officers in the RHU notified maintenance worker Joseph Sheck on November 29, 2005 that the light was out in Plaintiff's cell, and Sheck repaired the light that same day.  See Hiltner Decl. at ¶ 5, attached Maintenance Work Order dated November 29, 2005.

On December 12, 2005, Plaintiff filled out an "Inmate's Request to Staff Member" form indicating that he had not yet received a written response to his grievance.  See Moyer Decl. at Exh. B.  Hiltner sent a written response on December 21, 2005 which states: "Sorry for the delay,

---

[2] As will be discussed infra, Defendant Murray has offered evidence that the light was repaired on November 29, 2005.  However, the one day difference between the parties' timelines is not material for purposes of resolving the Motion.

your light was repaired on 12/19/05.  This grievance has been addressed."[3]  Id.  The response did not offer Plaintiff any monetary compensation, and he did not appeal the response.  See Moyer Decl. at ¶ 6, Exh. B.  Instead, Plaintiff filed this lawsuit on March 28, 2006.[4]  On June 16, 2007, Defendant Murray filed the instant Motion.  Plaintiff has not filed a response.

## II. LEGAL STANDARD

When a party fails to respond to a properly filed motion, the Court may treat the motion as uncontested.  See E.D. Pa. Local R. Civ. P. 7.1(c).  Unlike other motions, however, the Court may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Federal Rule of Civil Procedure 56.  Id.  By failing to respond, however, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion."  Reynolds v. Rick's Mushroom Serv., 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003), quoted in Vaira, E.D. Pa. Federal Practice Rules, Comment on Rule 7.1 (Gann).

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law."  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is

---

[3]   Defendant Murray alleges in the Motion that the December 19, 2005 date is incorrect as evidenced by the November 29, 2005 completion date listed on the maintenance work order.  Since Plaintiff's Complaint alleges that his light was out only through November 30, 2005, there does not appear to be a dispute that the December 19, 2005 date is incorrect.

[4]   Plaintiff later amended the Complaint on June 1, 2006.

such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).  If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

### III. ANALYSIS

#### A. Deprivation of Light

In his Complaint, Plaintiff alleges that the faulty electric light in his cell amounted to cruel and unusual punishment in violation of the Eighth Amendment.  In order to establish a claim for an Eighth Amendment violation, a plaintiff must demonstrate (1) an objectively serious deprivation of an identifiable human need and (2) that a prison official acted with deliberate indifference in effecting the deprivation. Sampson v. Berks County Prison, 171 Fed. Appx. 382, 384 (3d Cir. 2006) (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); Fuentes v. Wagner, 206 F.3d 335 (3d Cir. 2000)).

"[A]dequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).  Neither

party disputes that the electric light in Plaintiff's cell was not functioning for a period of eight to nine days, but Defendant has offered evidence that in spite of the burned out bulb, adequate light came into Plaintiff's cell through an exterior window and the window in the cell door. See Declaration of Edwin J. Heck, III, at ¶¶ 2-6 and photograph exhibits, attached to Motion at Appendix II. However, there remains a genuine issue of material fact as to whether the lighting provided by the exterior and cell door windows was sufficiently inadequate that Plaintiff suffered from an objectively serious deprivation of an identifiable human need.[5]

Even assuming, however, that Plaintiff proves that he suffered from an objectively serious deprivation of light, he has not offered any evidence that Defendant Murray acted with deliberate indifference to the short period of inadequate lighting. Plaintiff was asked during discovery: "If Plaintiff claims that Deputy Superintendent Murray knew of the lighting in Plaintiff's cell between November 22, 2005 and November 30, 2005, state what he knew, when he knew it, and how Plaintiff knows he knew it." See Defendant Murray's Interrogatories and Requests for Documents to Plaintiff ("Interrogatories") at 10-14, attached to Motion at Appendix I. Plaintiff's response states that "Deputy Murray has knowledge of everything that takes place in the R.H.U. As is part of his job description. [sic]" See Response to Defendant Murray's Interrogatories and Request for Documents ("Interrogatory Responses") at 9, attached to Motion at Appendix I. However, liability cannot lie in a § 1983 action absent personal involvement on the part of a defendant, and respondeat superior is generally insufficient to show personal

---

[5] But see Muick v. Reno, 83 Fed. Appx. 851, 853-54 (8th Cir. 2003) (finding that a lighting problem in a prisoner's cell "was not sufficiently serious to trigger the Eighth Amendment" where the problem only lasted ten days, some light still came into the cell, and the prisoner did not allege that he suffered any resulting physical injuries).

involvement. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Therefore, Plaintiff's allegations are insufficient without evidence that Defendant Murray was involved in or had actual knowledge of the failure to replace a broken light bulb for several days. See, e.g., Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990) (upholding the district court's dismissal of claims against a prison superintendent where there was no evidence in the record that he was involved in the acts complained of or that they were done with his knowledge and acquiescence).

Defendant Murray has offered sworn testimony that "[a]t no time between November 21 and November 30, 2005 was [he] aware of any information or any complaint that the light in cell 2-011 on A wing in L-block was out. Neither was [he] aware of any information or any complaint that the light in the cell of a Curt Thomas, AM-4321, was out." Declaration of John K. Murray at ¶ 11, attached to Motion at Appendix II. In fact, he "was not aware of any such complaint until after [he] received the papers in this civil action, which was long after November 2005." Id. Since Plaintiff has offered no other evidence that Defendant Murray was involved with or aware of the lighting problem in his cell, there is no genuine issue of material fact for trial regarding whether Defendant Murray acted with deliberate indifference. Accordingly summary judgment will be granted on Plaintiff's deprivation of light claim.

   **B. Denial of Access to Courts**

Plaintiff claims that, as a result of the reduced lighting in his cell, he was "prevented ... from being able to do any legal work which caused [him] to loose [sic] or miss legal deadlines in other legal matters." Compl. at 9. In order to prevail on an access to courts claim under the First and Fourteenth Amendments, Plaintiff must demonstrate that he suffered an "actual injury" due

6

to the interference with his right of access.  Booth v. King, 346 F. Supp. 2d 751, 758 (E.D. Pa. 2004) (citing Lewis v. Casey, 518 U.S. 343 (1996); Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997)).  Examples of "actual injury" include the dismissal of a complaint or an inability to file a complaint.  Id. (citing Lewis, 518 U.S. at 351).

In the instant case, Plaintiff was asked during discovery to identify the legal matters for which he missed deadlines during the period in which his cell light was out, the deadlines that were missed, the efforts he made to obtain relief in those cases, and the injury that resulted.  See Interrogatories at 10-14.  Of the cases identified by Plaintiff in his response, only one case, Philadelphia County Court of Common Pleas No. 0505-1155-1/1, was actually open in November 2005 – the remainder of the cases he identified were not filed until 2006 or 2007.  See Interrogatory Responses at 10.  That one open case involved criminal charges for which Plaintiff ultimately was found "not guilty" in February 2007.  See Docket for Philadelphia County Court of Common Pleas No. 0505-1155-1/1, attached to Motion at Appendix III.  The docket in that case does not reflect any missed deadlines.  In fact, on November 15, 2005, just prior to the period at issue, Plaintiff had received a continuance of his trial until February 15, 2006.  See id.  Plaintiff has offered no other evidence of "actual injury."  Accordingly, there is no genuine issue of material fact remaining for trial, and Defendant Murray will be granted summary judgment on Plaintiff's access to courts claim.

**IV. CONCLUSION**

For the aforementioned reasons, Defendant Murray's Motion for Summary Judgment will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURT THOMAS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-CV-291 |
| | : | |
| **DR. FELIPE ARIAS, et al.** | : | |

### ORDER

**AND NOW**, this 5th day of October, 2007, upon consideration of the uncontested "Motion for Summary Judgment of Defendant Murray" (docket no. 24), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED.** Accordingly, Plaintiff's claims against Defendant Murray are dismissed from this action.

BY THE COURT:


 /s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.