IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURT THOMAS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-CV-291 |
| | : | |
| **DR. FELIPE ARIAS, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                               **June    11    , 2008**

Plaintiff Curt Thomas ("Plaintiff") brought this pro se action for alleged violations of 42 U.S.C. § 1983 against Defendants Doctor Felipe Arias, Deputy Superintendent John Murray, Grievance Coordinator Wendy Moyer, Doctor Robert Maxa, and Physician's Assistant ("P.A.") Rhonda Sherbine.[1] Now before the Court is the Motion for Summary Judgment of Defendant Arias (the "Motion").[2] For the reasons that follow, the Motion will be granted.

**I.   BACKGROUND**

Plaintiff, currently an inmate at the State Correctional Institution Greene ("SCI Greene"), was transferred to the State Correctional Institution Graterford ("SCI Graterford") on May 27, 2005 and placed in a Restricted Housing Unit ("RHU"). Plaintiff alleges that while he was in the RHU at SCI Graterford, he was denied treatment for Hepatitis C and for severe back pain resulting from "sciatita [sic], osteoarthritis, osteophytes, and lumbar strain." Compl. at ¶ 2. Specifically, he alleges that he was seen at SCI Graterford by Defendant Arias on "a number of

---

[1]   The Court dismissed all claims against Defendants Moyer, Maxa, and Sherbine in a Memorandum and Order dated January 23, 2007.  The Court granted Defendant Murray's Motion for Summary Judgment in a Memorandum and Order dated October 5, 2007, and entered judgment in his favor on October 10, 2007.

[2]   Since the instant Motion seeks summary judgment only with respect to the one claim remaining against Defendant Arias, the Court will limit its recitation of facts and allegations to those necessary to resolve that claim.

occasions," and provided Defendant Arias with medical records from his primary care physician in Philadelphia, but that Defendant Arias refused to provide effective medical treatment for his back pain and Hepatitis C.  Id.

Plaintiff was transferred out of SCI Graterford for a period of time, but was returned there on October 11, 2005.  During his second stay at SCI Graterford, Plaintiff went to the medical department to get the same pain medication he had received while at another prison facility, State Correctional Institution Forest ("SCI Forest").  Id. at ¶ 7.  He contends that he initially was given pain medication, but was told that he would have to see Defendant Arias in order for the medication to be continued.  Id.  Plaintiff alleges that Defendant Arias immediately discontinued his pain medication and ordered him to lose weight.[3]  Id.  In addition, he claims that Defendant Arias continued to refuse to order treatment for his Hepatitis C and "told [Plaintiff that] as long as [Dr. Arias was] medical director [Plaintiff] would not be receiving treatment [Plaintiff] received previously."  Id.  The instant action alleges that Defendant Arias violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to his medical needs.

## II.  LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law."  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is

---

[3]   Plaintiff alleges in the Amended Complaint that he weighs over 300 pounds.  Amended Compl. at ¶ 6.

such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

### III. ANALYSIS

Defendant Arias contends that he is entitled to summary judgment on two grounds: (1) Plaintiff has failed to exhaust his administrative remedies against Defendant Arias, and (2) Plaintiff has failed to set forth a claim under the Eighth Amendment against Defendant Arias. Because the Court finds that Plaintiff has not exhausted his administrative remedies against Defendant Arias, it need not reach his second argument.

The Prison Litigation Reform Act of 1995 (the "PLRA") provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 19 U.S.C. § 1997e(a). In Pennsylvania, prisoners must complete the grievance procedure outlined in DC-ADM 804 in

3

order to comply with the PLRA's exhaustion requirement.  See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).  The three-step procedure provided for in DC-ADM 804 is:

> 1) Initial Review – The prisoner must file a grievance with the facility's grievance coordinator.
>
> 2) Appeal to Facility Manager – The prisoner must appeal any adverse decision to the facility manager.
>
> 3) Appeal to the Secretary's Office of Inmate Grievances and Appeals – The prisoner must appeal any adverse decision by the facility manager to the Secretary's Office of Inmate Grievances and Appeals.

See DC-ADM 804, Part VI.  "[T]o the extent the identity of a defendant [is] a fact relevant to the claim, Pennsylvania's prison grievance policy mandat[es] that the identification be included in the inmate's statement of facts on the grievance form."  Williams v. Pa. Dep't of Corr., 146 Fed. Appx. 554, 557 (3d Cir. 2005) (internal quotation marks omitted) (citing Spruill, 372 F.3d at 234).  "In the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant constitut[es] a failure to properly exhaust his administrative remedies under the PLRA."  Id. (citing Spruill, 372 F.3d at 234).

Plaintiff filed several grievances related to his medical care, but none of those grievances named Defendant Arias.  See Exhibits 1-9, attached to Defendant's Motion.  Plaintiff has offered no explanation for this failure, and any grievance against Defendant Arias would be time barred now.  See Spruill, 372 F.3d at 234 (quoting DC-ADM 804, Part VI.A.1.e's requirement that "[g]rievances must be submitted by the inmate ... within fifteen (15) working days after the events on which the claims are based.").  Therefore, Plaintiff has "procedurally defaulted a claim

4

against [Defendant Arias] by failing to identify him." Id., Williams, 146 Fed. Appx. at 557-58 (affirming the district court's decision to grant summary judgment in favor of three defendants the plaintiff failed to identify in his grievance).[4] Accordingly, the Court will grant Defendant Arias' Motion for Summary Judgment.

## IV.     CONCLUSION

For the aforementioned reasons, Defendant Arias' Motion for Summary Judgment will be granted.  An appropriate Order follows.

---

[4]     A prison may excuse an inmate's failure to name a specific defendant by identifying that defendant and acknowledging that he or she was fairly within the scope of the prisoner's grievance.  See Spruill, 372 F.3d at 234.  However, neither the facility grievance coordinator, the facility manager, nor the Office of Inmate Grievance and Appeal has done so in this case.  See Exhibits 1-9, attached to Defendant's Motion; Exhibits 1-4, attached to Plaintiff's Response.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURT THOMAS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-CV-291 |
| | : | |
| **DR. FELIPE ARIAS, et al.** | : | |

## ORDER

**AND NOW**, this   11TH   day of June, 2008, upon consideration of the Motion for Summary Judgment of Defendant Felipe Arias (docket nos. 56, 57, 58) and Plaintiff's Response thereto (docket no. 59), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED.**  Accordingly, Plaintiff's claim against Defendant Arias is dismissed and **JUDGMENT IS ENTERED** in favor of Defendant Felipe Arias.

BY THE COURT:


 S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN,  J.